UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE MILLAN,

                Plaintiff,

-v-

SUSHIBYM INC., and YU YING LIN,

                Defendant.

CIVIL ACTION NO.: 19 Civ. 9514 (SLC)

**SETTLEMENT DENIAL**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 19), and have now submitted a joint Letter-Motion in support of settlement (the "Letter-Motion") (ECF No. 21) and proposed settlement agreement (the "Agreement") (ECF No. 21-1) (the Letter-Motion and the Agreement, together, the "Fairness Submission"), for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

In addition, Defendants face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic, a situation which also "militates in favor of finding a settlement reasonable." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365

(S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (explaining that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of the settlement agreement, which "[g]uarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the Fairness Submission, the Court finds that, except for one provision addressed below, the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012.

The provision to which the Court takes exception is the release that appears in paragraph 3 of the Agreement (the "Release"). (ECF No. 20-1 at 2). The Agreement purports to require Plaintiff to "irrevocably and unconditionally release[] Defendants" from liability as to "any and all charges, complaints, claims, causes of actions, suits . . . and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as 'claim' or 'claims') which Plaintiff at any time has, had, claims or claimed to have had against any of the Releasees including, without limitation, any and all claims related or in any manner incidental to the Litigation, such as Plaintiff[']s[] waged and hour claims . . ." (Id.) The "broad" language of the Release, See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 175 (S.D.N.Y. 2015), which extends far beyond Plaintiff's wage and hour claims, "is far too sweeping to be fair and reasonable." Lopez, 96 F. Supp. 3d at 181 (finding a general release too broad where it "purport[ed] to waive practically any possible claim against

2

the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."); see also Camacho v. Ess-A-Bagel, Inc., No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) ("[T]he Court will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute.").  The Release must be restricted to the Plaintiff's wage and hour claims, or claims arising out of the identical factual predicate as the settled claims.  See Lopez, 96 F. Supp. 3d at 181.

For the reasons set forth above, the Court cannot approve the Agreement in its current form, and the Release must be corrected as instructed above.  The parties are hereby ORDERED to file a revised agreement by **October 2, 2020**, amended to provide that the Release apply only to Plaintiff's wage and hour claims, or such claims arising out of the identical factual predicate as the settled claims.

If the revised agreement maintains either of the provisions discussed above, or similar provisions, the parties must submit a joint letter with the revised agreement explaining (1) all factual and legal bases for the parties' contention that these provisions are fair and reasonable as required by Cheeks, and (2) the relevant decisional authority within the Second Circuit both in support of and in opposition to that contention, including all cases in which a court has approved or rejected the same or similar language presented by the same attorneys or their firms.  See Basurto v. Superruay Corp., No. 18 Civ. 6368 (BCM), at *6 (S.D.N.Y. Oct. 21, 2019) (requiring the submission of a revised agreement with a joint letter explaining the bases for maintaining provisions previously deemed unacceptable).

Dated:     New York, New York
               September 21, 2020

                                             SO ORDERED

                                             _____
                                             **SARAH L. CAVE**
                                             **United States Magistrate Judge**