**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE MILLAN<br><br>*Plaintiff,*<br><br>-against-<br><br>SUSHIBYM, INC., and YU YING LIN, as an individual,<br><br>*Defendants.* | **SETTLEMENT AGREEMENT**<br>**AND**<br><u>**RELEASE**</u><br><br><u>19-cv-09514(KBF)</u> |

   This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Michelle Millan ("Plaintiff") and Defendants Sushibym, Inc. and Yu Ying Lin (altogether "Defendants") (collectively "the Parties").

   WHEREAS, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which has resulted in the filing of an action in the United States District Court for the Southern District of New York, civil action number 1:19-CV-09514(KBF) ("Case"), alleging, among other things, a violation of federal and state wage, hour and labor laws;

   WHEREAS, Defendants deny any violation of federal and state wage, hour and labor laws as well as all other claims asserted in the Complaint; and

   WHEREAS, the Parties desire to resolve the Case without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Consideration</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and full, complete, and final satisfaction of any and all claims Plaintiff has asserted as well as all potential wage and hour claims Plaintiff may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Eight Thousand Five Hundred dollars ($8,500.00) (the "Settlement Amount"). The Settlement Amount shall be paid to Plaintiff within thirty (30) days of the Court's approval of this Agreement, by delivering two checks to Raymond Nardo, P.C., 129 Third Street, Mineola, NY 11501, one check payable to "Michelle Millan" in the amount of $5,667, as a 1099, without withholdings, and "Raymond Nardo, P.C." for Plaintiff's attorneys' fees in the amount of $2,833, as a 1099, without withholdings.

    a. Plaintiff shall be solely responsible for any taxes resulting from payment paid to her under the Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the Settlement Amount. Plaintiff shall be solely responsible for the payment of any taxes owed. Plaintiff represents that no tax advice has been given to her by Defendants or their representatives and Plaintiff understands that Defendants make no representation or guarantee as to the tax consequences of payment paid to her.

    b. Plaintiff and Raymond Nardo, P.C. shall each provide an IRS Form W-9 to Defendants before any of the Settlement Amount can be made.

    c. Defendants shall provide to Plaintiff an IRS Form 1099 for the Settlement Amount to Plaintiff and Raymond Nardo, P.C. for the respective amounts received herein.

    d. Plaintiff agrees and acknowledges that, upon payment by Defendants in this matter, she will have been properly paid for all hours worked for the Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiff has been paid, and that Plaintiff is not owed anything else from Defendants other than as provided for in this Agreement.

2. <u>Dismissal</u>: The Parties shall execute, and the Defendants shall cause their counsel to file with the Court a Stipulation of Dismissal of this Litigation, with prejudice, in substantially the form set forth in Exhibit A to this Agreement within five (5) days after the Settlement Amount has been paid to Plaintiff. The Court shall retain jurisdiction over any disputes arising from the Settlement.

3. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases Defendants from, forever discharges Defendants and their subsidiaries and other corporate affiliates and each of their respective present and former employees, officers, directors, owners, attorneys, shareholders and agents, individually and in their official capacities, (hereinafter "Releasees") from, and covenant not to sue, Releasees for any and all wage and hour claims, including those set forth in the litigation, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect her right or ability to enforce this Agreement. However, this release and waiver of claims excludes, and the Plaintiff does not waive, release, or discharge any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, although the Plaintiff waives any right to monetary relief related to such a charge or administrative complaint. Nothing in this Agreement shall limit Plaintiff's right to file a whistleblower claim with the Securities Exchange Commission ("SEC") and to collect an incentive award from the SEC pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act.

4. <u>Withdrawal of Pending Claims</u>. Plaintiff promises and represents that there are no administrative complaints or charges filed with federal, state and local

agencies/administrative bodies against Releasees, other than the instant Case and a claim, if any, for Unemployment Insurance benefits. In the event any such complaints, lawsuits, claims, charges, demands, appeals or actions are not withdrawn or are filed due to circumstances beyond Plaintiff's control, to the extent permitted by law Plaintiff promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from such complaints, lawsuits, claims, demands, appeals or actions and that she will execute such papers or documents as may be necessary to have said complaint, lawsuit, claim, demands or action dismissed with prejudice.

5. Testimony. To the extent permitted by law, should Plaintiff be compelled to provide testimony before any federal or state agency or in any judicial proceeding on any issue involving or concerning Defendants, Plaintiff hereby agrees to provide Defendants within seventy-two (72) hours advanced notice of this fact and a copy of the subpoena or notice in advance of any such proceeding shall be provided to William Li, Esq. (or his successor or designee) via email at wli@wlilaw.com in order to permit Defendants to seek an injunction, protective order or other judicial relief.

6. No Admission of Wrongdoing. Nothing herein shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiff.

7. No Future Employment. Plaintiff waives all rights and claims to reinstatement as employee or independent contractor with Defendants and agree that she will not knowingly seek or accept future employment with Defendants or, and other corporate affiliates or with any successor or assign. Plaintiff further acknowledges and agrees that the denial or rejection of any employment or other application or inquiry she may submit to Defendants is expected and permissible, and is not and will not be considered discriminatory, retaliatory or a breach of any other duty that may be owed to her by Defendants or any of the Releasees.

8. Non-Disparagement. Other than: (i) truthful statements about Plaintiff's allegations and experiences in this Federal Case; and/or (ii) truthful statements made in response to due legal process, Plaintiff agrees not to make any derogatory, disparaging, defamatory statement, or any untruthful statement about any of the Defendants, or any of the Released Parties, or any Released Entity, whether by electronic, written or oral means, to any person, including, but not limited to, the press, the interent and social media. Plaintiff also shall not initiate, prosecute, cause, induce, encourage or suggest to any other person that they initiate or prosecute any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding against Defendants. Plaintiff further agrees to not to

voluntarily disclose the terms of this Settlement to others. Nothing in this Agreement shall be contrued to keep the terms and conditions of this Agreement confidential.

9. Remedy for Breach. In the event either Party proves, in a Court of competent jurisdiction in New York State that the other Party, or any agent acting on their behalf, breached any material provisions of this Agreement, the Parties agree that the monetary damages caused by or associated with such a breach of the Agreement by either party are not readily subject to calculation. Therefore, the parties agree, in the event of a breach of this Agreement by either Party, that the injured Party shall be entitled to recover whatever a Court of competent jurisdiction awards, including, but not limited to, liquidated damages and counsel fee.

10. Headings. The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

11. Successors. This Agreement shall be binding upon, and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

12. Modification of the Agreement. This Agreement may not be changed unless the changes are in writing and signed by the Parties or by a proper representative of Plaintiff and Defendants and approved by a judge for the Southern District of New York.

13. Acknowledgment. The Parties acknowledge that they have been fully and fairly represented by counsel. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff acknowledges that she is voluntarily entering into this Agreement knowling and of her own free will and without undue influence or stress. Plaintiff further acknowledges and agrees that the only consideration for signing this Agreement is as set forth in this Agreement.

14. Governing Law. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

15. Enforceability. If any term or provision of this Agreement or the application therof to any person, entity or circumstance shall to any extent be determined by a court of competent jurisdiction to be is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, or the application of such terms or provisions to such person, entity

or circumstance other than those that are held invalid or unenforceable. The Parties authorize the Court to reduce in scope or modify, if possible, all invalid or unenforceable provisions, so that they become valid or enforceable.

16. Counterparts. To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

17. Entire Agreement. This Agreement contains all of the understandings and representations between Plaintiff and Defendants relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

IN WITNESS WHEREOF, the undersigned have executed the above and foregoing Agreement upon the date as written below.

Dated: 09/23/2020    _____
                    Michelle Millan

Dated:_____    _____
                        Yu Ying Lin, Owner
                        On behalf of Sushibym, Inc.

Dated:_____    _____
                        Yu Ying Lin

or circumstance other than those that are held invalid or unenforceable. The Parties authorize the Court to reduce in scope or modify, if possible, all invalid or unenforceable provisions, so that they become valid or enforceable.

16. Counterparts. To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

17. Entire Agreement. This Agreement contains all of the understandings and representations between Plaintiff and Defendants relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

IN WITNESS WHEREOF, the undersigned have executed the above and foregoing Agreement upon the date as written below.

Dated: _____     _____
                                   Michelle Millan

Dated: 9/28/2020                   _____
                                   Yu Ying Lin, Owner
                                   On behalf of Sushibym, Inc.

Dated: 9/28/2020                   _____
                                   Yu Ying Lin